Jasper **BRYANT**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17363.

United States Court of Appeals
Fifth Circuit.

Feb. 18, 1959.

John C. Tyler, Atlanta, Ga., for appellant.

John W. Stokes, Jr., Asst. U. S. Atty., James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.

PER CURIAM.

Appellant was convicted of the possession of 132 gallons of non-tax-paid whiskey in violation of 26 U.S.C.A. §§ 5008.

At 5:15 a. m., March 5, 1958, Furman White, a Government informant, followed appellant through the streets of Atlanta, Georgia, to the alley where the liquor was stored. He had spoken to appellant on prior occasions, and had arranged to purchase five cases this morning. There, with five others (three convicted, one acquitted, one unknown), appellant directed White to back his car towards the supply.

Unknown to appellant, however, White's trunk was already full—with Inspector Corbin of the Federal Alcohol and Tobacco Tax Division and Police Officer Gibby of the Atlanta Police Department.

In Police Officer Gibby's words,

"He [White] backed the car in— I didn't have the trunk all the way closed—and somebody reached, got hold of the handle of the trunk and said, 'All right, boys, put five cases in the trunk of this one,' and as he did he opened up the trunk and I grabbed him, * * *."

That "somebody," it turned out, was the appellant Jasper Bryant.

The present dispute turns on the sufficiency of the evidence to sustain the jury's verdict. White testified appellant was going to sell him some of the whiskey and that appellant actually handled some of the cartons. But, as appellant's brief replies, "it is the contention of this appellant that that testimony is negatived by the other evidence in this case." Appellant, of course, testified that he in-

tended personally to buy some whiskey, never touched it, and only took White along to let him get some, too. The jury thought otherwise.

We are clear there is adequate evidence in the record to satisfy the Government's burden of showing "possession," and to support the jury's verdict of guilty.

Affirmed.